**Michael C. BRIDGES, Petitioner–Appellant,**

v.

**Cecil K. DAVIS, Superintendent, Respondent–Appellee.**

No. 03–3593.

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 2004.*

Decided July 30, 2004.

Michael C. Bridges, Michigan City, IN, pro se.

Justin F. Roebel, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before Hon. KENNETH F. RIPPLE, Hon. MICHAEL S. KANNE, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

### ORDER

Indiana inmate Michael C. Bridges petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a prison disciplinary conviction for refusing to submit to a random drug test. Bridges alleged in his petition that he was denied his right to an impartial decisionmaker. The district court denied the petition, and we affirm.

A correctional officer issued a conduct report charging Bridges with refusing to submit a urine sample, which the officer was collecting for the purpose of a random drug test. On a chain-of-custody form accompanying the urine sample, the officer noted that Bridges "refused" to provide a specimen.

After receiving notice of the disciplinary charge for refusing to take the urine test, Bridges presented his defense to the Conduct Adjustment Board. At the hearing, he admitted orally and in a written statement that he refused a request to undergo a urine test, but argued that the request was voluntary and not mandatory. The Board found Bridges guilty based on the conduct report, the chain-of-custody form, a statement from Superintendent Davis denying any personal knowledge, and Bridges's written and oral comments. As a result of the disciplinary conviction, Bridges lost 90 days' earned credit time. He then exhausted his administrative remedies.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

On appeal Bridges renews his contention that he was denied his right to an impartial decisionmaker because the Board "fail[ed] to read or consider Bridges['s] testimony during the hearing." As further evidence of his decisionmaker's bias, Bridges also argues generally that the Board's disciplinary report mischaracterized and "alter[ed]" his testimony.

Bridges, however, misunderstands the concept of bias. A claim of bias involves a decisionmaker who has "a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge" or "circumstances *other than* those arising directly out of the disciplinary process that may raise doubt about the integrity of the hearing procedure and the impartiality of its participants." *Redding v. Fairman,* 717 F.2d 1105, 1113 (7th Cir. 1983) (internal citations and quotations omitted) (emphasis added); *see Whitford*

*v. Boglino,* 63 F.3d 527, 534 (7th Cir.1995). And we presume Board members to be honest and impartial. *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). Here Bridges alleged no inappropriate involvement or other circumstances impugning the impartiality of any Board member. Nor has he substantiated his assertion that the Board failed to consider his testimony. The Board's report summarized Bridges's written statements, and though this summary may contain minor variations, the differences are slight and not suggestive of bias.[1]

AFFIRMED.

---

1. The Board summarized Bridges's comments as stating, "is it a refusal if a staff writer asking if I was going to provide a sample. He didn't have a cup in his hand. I responded, no." As relevant here, Bridges's written statement was, "Krueper gave no direct order to perform such act. He asked me if I was going to provide." Although the Board's summary differs linguistically from Bridges's statement, the summary captures the essence of Bridges's underlying defense—that he refused a voluntary request, not a mandatory directive. Further, Bridges does not dispute the state's contention that the Board's summary and Bridges' written statement contain minor differences because the Board was also summarizing Bridges's oral testimony at the hearing.